1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | 1:10-cv-01542-OWW-DLB (HC) |
|                Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
|    v. | HABEAS CORPUS |
| | [Doc. 1] |
| KELLY HARRINGTON, | |
|               Respondent. | |
| _____/ | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on August 19, 2010, in the United States District Court for the Eastern District of California, Sacramento Division.  On August 26, 2010, the petition was transferred to this Court.

### DISCUSSION

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

1  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

2  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

3  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

4  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

5  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

6  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

7          In this case, Petitioner is challenging the refusal of prison officials to provide him with

8  proper mail postage for his outgoing mail.  Petitioner is challenging the conditions of his

9  confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to

10 habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his

11 claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

12                                          RECOMMENDATION

13         Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

14 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

15 corpus relief.

16         This Findings and Recommendation is submitted to the assigned United States District

17 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

18 Local Rules of Practice for the United States District Court, Eastern District of California.

19 Within fourteen (14) days after being served with a copy, any party may file written objections

20 with the court and serve a copy on all parties.  Such a document should be captioned "Objections

21 to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

22 and filed within seven (7) days after service of the objections.  The Court will then review the

23 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

24 failure to file objections within the specified time may waive the right to appeal the District

25 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26     IT IS SO ORDERED.

27   **Dated:     September 8, 2010**                    **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE
28

2